1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY B. PRICE,

                  Plaintiff,

        v.

LENNY BRIDGES,

                  Defendant.

Case No. C10-5637RBL/JRC

REPORT AND RECOMMENDATION

**NOTED FOR**:
October 15, 2010

      This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

      The court recommends this action be dismissed for failure to state a claim with the dismissal counting as a strike pursuant to 28 U.S.C. 1925 (g).  The plaintiff in this action contends Defendant Bridges made slanderous remarks about or towards him (Dkt. # 1).

      In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that:  (l) the conduct complained of was committed by a person acting under color of state law; and (2) the

REPORT AND RECOMMENDATION- 1

conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). Verbal harassment or abuse is insufficient to state claim of a constitutional deprivation.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  Based on the forgoing, the court recommends this action be DISMISSED WITH PREJUDICE for failure to state a claim. This dismissal would count as a strike pursuant to 28 U.S.C. 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 15, 2010, as noted in the caption.

Dated this16th day of September, 2010.


J. Richard Creatura
United States Magistrate Judge


REPORT AND RECOMMENDATION- 2